UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. _____

_____
)
EDWARD GAVIN, JR. )
Plaintiff )
)
Vs. )
)
NATIONAL EMERGENCY MEDICAL )
SERVICES ASSOCIATION )
AND )
AMERICAN MEDICAL RESPONSE )
OF MASSACHUSETTS, INC. )
    Defendants )
_____)

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1.  This is an action brought by Plaintiff Edward Gavin, Jr., against both the labor union which represented him in relation to his employment, National Emergency Medical Services Association (hereafter referred to herein as "NEMSA") for breach of its duty of fair representation owed to Mr. Gavin pursuant to federal caselaw as well as under the National Labor Relations Act, and against his former employer, American Medical Response of Massachusetts, Inc. (hereafter referred to herein as "AMR"), for wrongful termination of employment in violation of contract. Specifically, on or about June 1, 2011 Mr. Gavin learned that his employment with AMR was terminated without just cause, in violation of the collective bargaining agreement between NEMSA and AMR, and despite a timely request from Mr. Gavin and initial action to contest the termination by NEMSA, NEMSA intentionally and in bad faith failed to pursue a grievance of Mr. Gavin's

1

termination, with the result that no grievance over the termination was processed and the termination was not litigated in arbitration.  The actions of NEMSA in failing to pursue a grievance over the termination and in therefore not litigating the termination in arbitration, were arbitrary, in bad faith, and in violation of the duty of fair representation owed to Mr. Gavin.  The actions of AMR in terminating Mr. Gavin's employment were taken in bad faith and in violation of the collective bargaining agreement between NEMSA and AMR.

JURISDICTION AND VENUE

2.   Jurisdiction over this matter lies in this Court pursuant to 28 U.S. Code Section 1331 (federal question jurisdiction), 28 U.S. Code Section 1337 (regulation of commerce) and 29 U.S. Code Section 185 (regarding suits for violation of a collective bargaining agreement between a labor union and an employer) as this cases raises questions of whether AMR breached the contract between it and NEMSA, and whether NEMSA breached its duty of fair representation to Mr. Gavin.

3.   Venue in this district is proper pursuant to 28 U.S. Code Section 1391, as Mr. Gavin was employed by AMR in Brockton, Plymouth County, Massachusetts, as the events giving rise to these claims occurred in this district, and as Defendants AMR and NEMSA do business in this district.

THE PARTIES

4.   Edward Gavin is an individual residing in Halifax, Plymouth County, Massachusetts.   He was, at all times relevant to this complaint, an employee of American Medical Response of Massachusetts, Inc.

6. Defendant NEMSA is a labor union with a principal place of business in Framingham, Middlesex County, Massachusetts. Plaintiff Edward Gavin has been a member of NEMSA at all times relevant to this complaint, during his employment by American Medical Response of Massachusetts, Inc. NEMSA owed a duty of fair representation to Mr. Gavin in relation to its position as Mr. Gavin's "representative" as that term is defined in the National Labor Relations Act.

7. Defendant American Medical Response of Massachusetts, Inc. is a foreign corporation which at all times relevant to this complaint did business in, and had a principal place of business in, Brockton, Plymouth County, Massachusetts. At all times relevant to this complaint, American Medical Response of Massachusetts, Inc. was Mr. Gavin's employer.

FACTUAL ALLEGATIONS

8. Mr. Gavin was an employee of American Medical Response of Massachusetts, Inc. or its predecessors since 1998. At the time his employment was terminated, Mr. Gavin's job title was Emergency Medical Technician/Paramedic. The termination of Mr. Gavin's employment with American Medical Response of Massachusetts, Inc., was not based upon just cause, was overly severe for the matters of which he was accused, and was based upon accusations regarding his job performance which American Medical Response of Massachusetts, Inc., knew were false. American Medical Response of Massachusetts, Inc., knew that the termination of Mr. Gavin's employment was not based upon just cause.

9. Mr. Gavin's employment by American Medical Response of Massachusetts, Inc., was governed by a collective bargaining agreement between American Medical Response of Massachusetts, Inc., and NEMSA. That collective bargaining agreement provides that employee discipline (such as termination of employment) is only to be for just cause. As Mr. Gavin's termination was not for just cause, the termination of his employment was in violation of the collective bargaining agreement.
.

10. The events for which Mr. Gavin was fired occurred in May 2011, and consisted of Mr. Gavin allegedly falsifying information provided to his communications center, failing to properly complete a patient care report, providing false or misleading information during an interview by his supervisors. These allegations were false, this conduct was not engaged in by Mr. Gavin, and under the circumstances of the actions at issue, no conduct in which Mr. Gavin engaged justified the termination of his employment.

11. A different disciplinary standard was applied to Mr. Gavin, than was applied to other employees of American Medical Response of Massachusetts, Inc. This was due to animus against Mr. Gavin, among other reasons.

12. The collective bargaining agreement between NEMSA and American Medical Response of Massachusetts, Inc., provides that employees will only be terminated for "just cause." There was no just cause for the termination of Mr. Gavin's employment. The termination of Mr. Gavin's employment was therefore in violation of the collective bargaining agreement.

13. Mr. Gavin was notified by letter on June 1, 2011 that his employment was being terminated.  Mr. Gavin timely contacted NEMSA and asked that his termination be contested through the grievance and arbitration process between NEMSA and American Medical Response of Massachusetts, Inc.

14. NEMSA filed a grievance contesting Mr. Gavins's termination of employment.  On June 26, 2011 NEMSA representatives and a NEMSA employee met with American Medical Response of Massachusetts, Inc., management officials to hold a grievance hearing regarding the grievance.  Mr. Gavin was asked to attend the hearing for only minutes.  Mr. Gavin was told by his NEMSA representative that he would hear the company's decision on his grievance within a few weeks, and that NEMSA would call him after the hearing, but NEMSA did not call him.  Mr. Gavin tried to reach his union representative after the hearing, but the NEMSA representatives would not return his calls for over a week.  When Mr. Gavin finally reached NEMSA, he was told that "the hearing did not go well," and NEMSA might not be willing to take his claim to arbitration.  Mr. Gavin then contacted the national office of NEMSA in California, to find out why his grievance was not being taken to arbitration.  Mr. Gavin was informed by NEMSA if an initial decision was made not to pursue his case to arbitration, that all the NEMSA shop stewards would meet to discuss the decision, and that Mr. Gavin would be given the opportunity to appeal the decision not to take the case to arbitration.  Despite his subsequent attempts to reach his local NEMSA representatives, those individuals would no longer return Mr. Gavin's phone calls.

15. On July 8, 2011 Mr. Gavin found out that at the Step Two grievance hearing he had briefly attended, NEMSA had withdrawn his grievance rather than allowing a decision to

be made. The withdrawal of the grievance at the Step Two stage of the grievance process prevented the grievance from being taken to Step Three of the process, arbitration. As a result of the grievance being withdrawn by NEMSA, Mr. Gavin lost the opportunity to have the NEMSA stewards decide whether to take the grievance to arbitration, he lost the opportunity to appeal any decision by NEMSA not to take the grievance over his termination taken to arbitration, he lost the opportunity to have his grievance taken to arbitration, and he lost the opportunity to contest the termination of his employment. The NEMSA representatives had lied to Mr. Galvin after the Step Two hearing, when they led him to believe that the grievance hearing had been litigated to conclusion and awaited a decision. Mr. Gavin had never agreed to the withdrawal of the grievance.

16. Mr. Gavin's grievance was not processed, and the grievance could not be taken to arbitration, due to actions by NEMSA and for which NEMSA is responsible, which were intentional, arbitrary, capricious and in bad faith, all due to animus against Mr. Gavin by NEMSA and motives of NEMSA which were arbitrary, capricious and in bad faith.

17. The actions of NEMSA as set forth herein were in violation of the collective bargaining agreement between NEMSA and American Medical Response of Massachusetts, Inc., and were taken in bad faith, arbitrarily, and with the knowledge that they would wrongfully injure Mr. Gavin.

18. As a result of the actions of American Medical Response of Massachusetts, Inc., and NEMSA, Mr. Gavin has suffered and will continue to suffer, financial harm and emotional pain and suffering.

**COUNT I-BREACH OF DUTY OF FAIR REPRESENTATION-NEMSA**

19. Plaintiff realleges and incorporates by reference as if fully set forth herein, paragraphs 1-18 above.

20. By its actions set forth above, NEMSA has breached its duty of fair representation owed to Mr. Gavin, causing him to suffer damages, including financial damages and emotional pain and suffering.

WHEREFORE, Plaintiff Edward Gavin, Jr., demands that he be awarded judgment against NEMSA in an amount to be determined by this Court, including monies to compensate him for lost back pay and benefits, lost future pay and benefits, lost earning capacity, emotional pain and suffering, interest, punitive damages, costs and attorneys fees, and such other and further relief that this Court deems just and proper.

**COUNT II-BREACH OF CONTRACT AND WRONGFUL TERMINATION-AMRICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC.**

21. Plaintiff realleges and incorporate by reference as if fully set forth herein, paragraphs 1-20 above.

22. By its actions set forth above, American Medical Response of Massachusetts, Inc., has breached the collective bargaining contract pursuant to which Plaintiff Edward Gavin, Jr. was employed, wrongfully terminated Plaintiff's employment, and wrongfully terminated Plaintiff's employment in violation of the collective bargaining contract pursuant to which Plaintiff was employed. These illegal and improper actions have caused Mr. Gavin to suffer damages, including financial damages and emotional pain and suffering.

WHEREFORE, Plaintiff Edward Gavin, Jr. demands that he be awarded judgment against American Medical Response of Massachusetts, Inc., in an amount to be determined by this Court, including monies to compensate him for lost back pay and benefits, lost future pay and benefits, lost earning capacity, emotional pain and suffering, interest, punitive damages, costs and attorneys fees, and that he be reinstated to his former position with American Medical Response of Massachusetts, Inc., and such other and further relief that this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES AND COUNTS SO TRIABLE.**

EDWARD GAVIN, Jr.
By his attorney,
MITCHELL J. NOTIS

/s/ Mitchell J. Notis

_____
MITCHELL J. NOTIS
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, Massachusetts 02445
617-566-2700
BBO# 374360